IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ALI M. ALI,**<br><br>              Plaintiff,<br><br>v.<br><br>**EXPRESS RECOVERY SERVICES, INC.;** **and I.C. SYSTEM, INC.,**<br><br>              Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00096-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

  This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendant I.C. System, Inc.'s ("ICS") motion to dismiss.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. As shown below, the court recommends granting ICS's motion and dismissing Plaintiff Ali M. Ali's ("Mr. Ali") claims against ICS with prejudice.

  On February 14, 2022, Mr. Ali, a non-attorney, filed his pro se complaint in this action against ICS and Express Recovery Services, Inc.,[3] alleging violations of the Fair Debt Collections Practices Act ("FDCPA") based on collection efforts related to a debt owed by third

---

[1] ECF No. 22.

[2] ECF No. 17.

[3] Express Recovery Services, Inc. has been dismissed from this action by way of the court granting a joint, stipulated motion to dismiss filed by Mr. Ali. ECF Nos. 25, 27.

party, Kiara Hutchinson ("Ms. Hutchinson").[4] Mr. Ali alleges that Ms. Hutchinson assigned him "100 percent" of all claims she has or may have under the FDCPA.[5] Mr. Ali makes no allegation that he is an attorney admitted to practice in this court.

In response to Mr. Ali's complaint, ICS moved to dismiss all claims against it under Fed R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted. ICS argues, *inter alia*, that Mr. Ali cannot bring this action pro se when acting as an assignee.

Under Rule 12(b)(6), the court "look[s] for plausibility in th[e] complaint."[6] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[7]

The court should grant ICS's motion and dismiss Mr. Ali's claims against ICS with prejudice because under Utah law, an individual may not represent himself in a case in which he is acting as an assignee, as Mr. Ali is attempting to do here. Utah Code section 78A-9-103 generally prohibits the practice of law without a license. However, that section provides an exception that allows an individual to "personally and fully represent[] that individual's own

---

[4] *See generally* ECF No. 1.

[5] *Id.*, ¶ 2; *see also* ECF No. 1-1 ("Assignment of Claim for Damages").

[6] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations and citation omitted) (second alteration in original).

[7] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (second and third alterations in original) (other quotations and citation omitted).

interests in a cause to which that individual is a party in the individual's own right," but an individual may not do so "*as an assignee*."[8] Thus, Mr. Ali cannot bring this pro se action as an assignee of Ms. Hutchinson's FDCPA claims.[9] Therefore, the court HEREBY RECOMMENDS granting ICS's motion to dismiss[10] and dismissing Mr. Ali's claims against ICS with prejudice.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[11] The parties must file any objection to this Report and Recommendation within fourteen days after being served with a copy of it.[12] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of May 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[8] Utah Code Ann. § 78A-9-103(3) (emphasis added); *see also Martin v. Am. Fam. Ins. Co.*, No. 20080873-CA, 2009 WL 154030, at *1 (Utah Ct. App. Jan. 23, 2009) (unpublished) ("[W]hile a person may represent herself pro se in actions in which that person is a party in her own right, she may not represent herself if she has obtained the claim through an assignment." (citing Utah Code Ann. § 78A-9-103(3); *Lundahl v. Quinn*, 67 P.3d 1000, 1002 (Utah 2003))).

[9] Mr. Ali attempts to avoid the prohibition against bringing an action pro se as an assignee by arguing that the attachment to his complaint is a "valid power of attorney" for Ms. Hutchinson's FDCPA claims. ECF No. 21 at 2. Mr. Ali supports that argument by relying upon a provision of the Utah Uniform Probate Code. However, Mr. Ali fails to explain how that statutory provision has any application in this case, which does not include any probate-related issues. Therefore, Mr. Ali's argument fails.

[10] ECF No. 17.

[11] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[12] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

3